**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JANETTE DUNKLE,

             Plaintiff-Appellant,

   v.

JENNIFER DALE, in her individual
capacity; et al.,

             Defendants-Appellees.

No.   17-35525

D.C. No. 3:14-cv-00005-RRB

MEMORANDUM<sup>*</sup>

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted June 12, 2018<sup>**</sup>
Anchorage Old Federal Building, Alaska

Before: THOMAS, Chief Judge, and CALLAHAN and BEA, Circuit Judges.

The Alaska Office of Children's Services took custody of A.F. within days

of her birth without first obtaining a warrant because her mother, Janette Dunkle,

---

     <sup>*</sup>     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     <sup>**</sup>    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

had a long history of substance abuse, and opiates were found in A.F. when A.F. was born. Dunkle filed this action alleging that her constitutional rights were violated when A.F. was removed from her custody. After a remand from the Ninth Circuit, the district court granted summary judgment in favor of the defendants, certain Alaska social workers, and an Alaska State Trooper all of whom were involved in the removal of A.F from Dunkle's custody. Dunkle appeals arguing that the district court erred (1) in granting the defendants qualified immunity pursuant to our opinion in *Kirkpatrick v. City of Washoe*, 843 F.3d 784 (9th Cir. 2016) (en banc); and (2) in ruling that the Jennifer Dale, a social worker, was entitled to summary judgment on Dunkle's claim that Dale had given false evidence in the state proceedings that led to the termination of Dunkle's parental rights to A.F.[1]

**1.** In 2016, in *Kirkpatrick*, 843 F.3d 784, we held that it violated a mother's constitutional rights to take custody of a newborn baby in a hospital because the baby tested positive for illegal drugs without first obtaining a warrant. However, we further held that at that time, "[n]o matter how carefully a social worker had read our case law, she could not have known that seizing [the baby] would violate

---

[1] Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

2

federal constitutional law," and thus, "[w]ithout that fair notice, the social workers in this case are entitled to qualified immunity." *Id*. at 793.

In our case, the defendants took custody of A.F. in 2012, four years before our decision in *Kirkpatrick*. We are bound by our opinion in *Kirkpatrick* that social workers would not have known prior to our decision that taking a newborn baby who tested positive for illegal drugs without a judicial warrant violated the mother's constitutional rights. Accordingly, we affirm the district court's grant of qualified immunity in favor of the defendants. *See Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1065 (9th Cir. 2006) ("Our task is to determine whether the preexisting law provided the defendants with 'fair warning' that their conduct was unlawful.").

**2.** The district court recognized that a prima facie showing that Dale made deliberate falsehoods to the Alaska court would deprive her of the shield of qualified immunity. *Chism v. Washington State*, 661 F.3d 380, 393 (9th Cir. 2011). However, Dunkle had the burden of making a substantial showing that Dale deliberately lied or recklessly disregarded the truth, and that, but for her dishonesty, the state courts would not have terminated Dunkle's parental rights. *Id*. at 386.

The evidence in the record rebuts Dunkle's assertion that Dale deliberately lied. The most that Dunkle has shown is that Dale's statements may have reflected a misunderstanding or have been based on an incomplete record. Furthermore, the decisions by the Alaska courts show that Dunkle's parental rights were terminated based on Dunkle's history of drug use and failure to seek adequate treatment, her history of entering into destructive and abusive relationships, and her failure to visit A.F. after A.F. was approximately a month old. *Findings, Conclusions, and Order Terminating Parental Rights and Responsibilities, Disposition, and Permanency Findings, In re A.F.,* No. 3PA-12-3CN (Alaska Super. Ct., Oct. 22, 2012). Dunkle's relationship history, her drug use, and her failure to visit A.F. soon after A.F. was born are undisputed facts. Thus, Dale's representations to the state courts, even if misleading, were not material to the state courts' decisions. We affirm the district court's dismissal of Dunkle's claims against Dale.

**AFFIRMED.**[2]

---

[2] Appellees' motion to supplement the record for judicial notice and to file the document is granted. The proffered transcript is ordered filed under seal. Appellant's motion to strike appellees' supplemental except of record is denied.